Singh v. Barr

BIA
Schoppert, IJ
A200 236 190

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of August, two thousand twenty.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> RICHARD J. SULLIVAN,
> STEVEN J. MENASHI,
> > *Circuit Judges.*

_____

BALWINDER SINGH,
> *Petitioner,*

v.                                              18-1493
                                                NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:           Amy Nussbaum Gell, Gell & Gell,
                          New York, NY.

FOR RESPONDENT:           Ethan P. Davis, Acting Assistant
                          Attorney General; Ernesto H.
                          Molina, Jr., Deputy Director;

Nancy N. Safavi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that this petition for review of a decision of the Board of Immigration Appeals ("BIA") is DENIED.

Petitioner Balwinder Singh, a native and citizen of India, seeks review of an April 26, 2018, decision of the BIA affirming a July 5, 2017 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Balwinder Singh,* No. A200 236 190 (B.I.A. Apr. 26, 2018), *aff'g* No. A200 236 190 (Immig. Ct. N.Y. City Jul. 5, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We review the agency's adverse credibility determination for substantial evidence. 8 U.S.C. § 1252(b)(4)(B). Under the circumstances of this case, we review the IJ's decision as modified by the BIA. That is, we need not consider the IJ's discussion of purported inconsistencies in Singh's testimony about his arrest record because the BIA did not rely on that ground in affirming the adverse credibility determination. *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 76

2

(2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Here, substantial evidence supports the agency's determination that Singh was not credible as to his claim that police and members of a rival political party detained and beat him because of his membership in the political party Shiromani Akali Dal Amritsar ("SADA"). The BIA properly relied on the inconsistency between Singh's statements at his initial credible fear interview and his subsequent asylum application about whether SADA seeks to establish an independent Sikh state. At the credible fear interview, Singh

3

stated that SADA's leader "does not want a separate state" and asserted that articles suggesting the contrary were "just rumors." However, in his subsequent written application for asylum and withholding of removal, Singh stated that SADA demands "an independent homeland for the Sikhs called Khalistan."

When the IJ confronted Singh with this inconsistency, Singh testified that he told the asylum officer at the credible fear interview that SADA's leader "demands a separate state, but this separate state cannot be established now." But the interview record—which reflects that Singh unequivocally denied that SADA's leader seeks a separate state—does not support that explanation. Further, at the beginning of the interview, the asylum officer informed Singh of the importance of telling the truth and that his statements could be used in future immigration proceedings. Thus, the agency was not required to accept Singh's explanation for the inconsistency. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks

4

omitted)).

Contrary to Singh's argument that this inconsistency about SADA's goals was minor, his membership in SADA was the alleged motive for the purported attacks against him and the basis for his political opinion claim. *Cf. Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding, in a pre-REAL ID Act case, that an inconsistency concerning the basis of an applicant's asylum claim is substantial evidence of adverse credibility). "[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible," *Likai Gao v. Barr*, No. 18-358, 2020 WL 4290009, at *4 n.8 (2d Cir. July 28, 2020), and the IJ may rely on such an inconsistency "without regard to whether [it] . . . goes to the heart of the applicant's claim," 8 U.S.C. § 1158(b)(1)(B)(iii). And while a "trivial inconsistency or omission that has no tendency to suggest a petitioner fabricated his or her claim will not support an adverse credibility determination," *Hong Fei Gao*, 891 F.3d at 77, given the "totality of the circumstances" here, we defer to the agency's credibility determination, *Likai Gao*, 2020 WL 4290009, at *4; *see also Xiu Xia Lin*, 534 F.3d at 167.

5

Moreover, the agency reasonably determined that Singh did not rehabilitate his credibility with reliable corroborating evidence. The IJ did not err in giving diminished weight to affidavits from Singh's father, his wife, and an elected official from his village because the authors were not subject to cross-examination and Singh's father was an interested witness. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) (providing that "[w]e generally defer to the agency's evaluation of the weight to be afforded to an applicant's documentary evidence" and deferring to agency's decision to afford little weight to letter from applicant's spouse).

Because Singh's claims for asylum, withholding of removal, and CAT relief were all based on the same factual predicate, the agency's adverse credibility determination is dispositive of all three. *Hong Fei Gao*, 891 F.3d at 76. Singh argues that the agency further erred in denying CAT relief because two reports in the record, not undermined by the agency's adverse credibility determination, discuss torture by police in Singh's region of India. But those reports do not provide an independent basis for CAT relief because they do not contain particularized evidence that

police are likely to torture him. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005) (concluding that "particularized evidence" beyond State Department reports is necessary to establish eligibility for CAT protection for applicant alleging she would be tortured for leaving China illegally).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
```